[Filed November 15, 1886.]

## D. MARX AND E. C. JORGENSEN v. J. SCHWARTZ.

GUARANTY—FRAUDULENT REPRESENTATIONS.—Where a defendant who was sued upon a contract of guaranty under seal, for the expressed consideration of one dollar, answered denying any consideration for the guaranty, and alleging that prior to the signing of the guaranty, Watson, the original debtor, without the consent of the defendant, transferred his account with the plaintiffs to the name of the defendant, said plaintiffs knowing that said transfer was unauthorized, and that said defendant had no interest in the business of said Watson, or the goods purchased by him; that at the time said instrument was signed, plaintiffs, for the purpose of inducing defendant to sign the same, represented to him that, as appeared by their books, he was indebted to them $624.65; and falsely and fraudulently represented to the defendant that if he would sign said instrument they would not use the same against him, nor hold him liable thereon; that defendant was thereby induced to sign said instrument, and that said representations were false, and known by plaintiffs to be false when made:  *Held,* that such facts are not sufficient to relieve the defendant from liability on such contract.

XIV. OREG.—**12.**

INSTRUCTION.—In such case an instruction to the jury, that "if the debt guaranteed was the debt of the defendant, then the plaintiffs are not entitled to recover," is outside the issues, and therefore erroneous.

APPROPRIATION OF PAYMENTS.—Where the creditor collects from the debtor under execution, on a judgment covering the sum so guaranteed and other indebtedness, a part of the amount due, such sum is so far a satisfaction of the guaranty.

MULTNOMAH COUNTY. Plaintiffs appeal. Reversed, and new trial ordered.

*Geo. W. Yocum* and *W. Scott Beebe*, for Appellants.

*W. B. Gilbert*, for Respondent.

STRAHAN, J.—The complaint in this action states, in substance, that on April 15, 1884, plaintiffs sold and delivered to Thomas Watson goods, wares and merchandise of the value of $2,368.35 ; that afterwards, on April 30, 1884, defendant, for a valuable consideration, made and executed to the plaintiffs a certain contract in writing, in words and figures as follows, viz.:

" In consideration of one dollar, and other valuable considerations, receipt of which is hereby acknowledged, I do hereby guarantee the payment to Marx & Jorgenson, of Portland, Oregon, of the sum of six hundred and twenty-four and 65-100 dollars, due and owing to them by Thomas Watson. Witness my hand and seal this 30th day of April, 1884.

               " J. SCHWARTZ.     [L. S. ]"

That afterwards, on July 22, 1884, the plaintiffs recovered judgment against Watson for said $2,368.35, and that they realised upon the sale of Watson's property on execution $519, and no more ; and that the balance of said judgment remains unpaid; and that defendant has not paid said $624.65.

The answer admits the execution of the contract sued on, but denies it was for value. The answer then alleges that said written guaranty was obtained from the defendant through fraud and deceit of the plaintiffs, as follows : That shortly prior to the time the said instrument was signed, the said Watson, without the consent of the defendant, transferred his account with said firm to the name of this defendant, and pur-

chased goods of said firm in the name of said defendant, the said firm well knowing that the same was unauthorized by the defendant ; and that said defendant had no interest in the business of said Watson, or in any of the goods so purchased. That at the time said instrument was signed, plaintiff, for the purpose of inducing the defendant to sign said writing, represented to the defendant that, as appeared by their books, the defendant was indebted to them in the sum of $624.65, and falsely and fraudulently represented to the defendant that if he would sign said instrument they would sue said Watson for the amount, together with the remainder of said Watson's debt to them, and they could thereby collect the whole of said debt ; and further promised to defendant that if he would sign said instrument they would never use the same against him, or attempt to hold him liable thereon.    That he believed said representations and was thereby induced to and did sign said writing, and that said representations were false and known to be false by the plaintiffs at the time they were made.    The answer then alleges there was no consideration whatever for said writing, and that the one dollar nor any sum was paid as a consideration.    The reply denied the new matter in the answer, and upon these issues the cause was tried.    All the evidence given upon the trial is included in the bill of exceptions.

Upon the trial, plaintiff's counsel asked the court to instruct the jury as follows :   " That if the jury find from the evidence that the debt guaranteed was the debt of Schwartz, and contracted by him, then the plaintiffs can recover in this action." The court refused this instruction, and gave in lieu thereof the following:   " If the debt guaranteed was the debt of Schwartz, the defendant, then the plaintiffs are not entitled to recover in this action."    The refusal to give the instruction asked, and the giving of the one in place thereof by the court, are assigned for error.

The instruction given by the court was outside of the issues, and therefore erroneous.    This instruction directed the attention of the jury to a fact not in issue, and made the finding on that fact decisive against the plaintiffs.    There can be no doubt,

under proper issues, the question presented might become material, and possibly decisive of the rights of the parties; but to present it the pleadings would have to be amended. For the same reason the . instruction asked by plaintiffs was properly refused—it was outside of the issues. Inasmuch as there must be a new trial, there are two other questions presented by this record, and which were referred to upon the argument, upon which we deem it proper to indicate our views.

If the debt guaranteed was Watson's debt and not Schwartz's, then the payment of $519 on the execution against Watson inured to the benefit of Schwartz, and after deducting the expenses of collecting the same, the residue should be applied to extinguish Schwartz's guarantee *pro tanto*. In other words: Schwartz guaranteed to the plaintiffs · that Watson would pay them $524.65. If Watson has paid any part of that sum, then, to that extent, the guaranty has been performed and satisfied, assuming the debt to have been Watson's as alleged in the complaint.

The answer undertakes to allege fraud, and that there was no consideration for the guaranty. It was conceded upon the argument here, that · the guaranty being under seal, and expressing a sufficient consideration upon its face, no question could arise as to the consideration; but it was claimed that the new matter in the answer, if true, would constitute such fraud on the part of the plaintiffs as would relieve the defendant from liability on his guaranty.

We have carefully considered the alleged fraudulent representations set out in the answer, and hold that they are not sufficient to relieve the defendant from liability on his written guaranty. The defendant was bound to know whether he was indebted to the plaintiffs in the sum of $624.50 or not; and hence he had no right to rely upon the plaintiffs' statement on that subject. What appeared from the plaintiffs' books was wholly immaterial. So their promise to sue Watson for what he owed them was of no consequence to defendant. He had no interest in that suit nor in its results, and his statement that he was influenced by all or any of these things is not

available as a defense.   Nor were plaintiffs' statements to the defendant, that if he would sign the guaranty they would never use the same against him, or attempt to hold him liable thereon, of any importance.   He cannot be permitted to say that he was in any manner deceived by such statements.   Besides, all such matters became merged in the writing itself when it was executed, and it must be held to contain the entire agreement between the parties at the time.   (Civil Code, Sec. 682.) We must not be understood as holding that a party cannot allege and prove fraud in the procurement of an agreement upon which he is sought to be charged, and thereby relieve himself from liability; but only that the facts here pleaded do not constitute fraud in a legal sense, and that, therefore, the agreement is to be given effect according to its terms, in the case now before us.   Without entering further into a discussion of the question of what misrepresentations will constitute fraud, we refer to the following cases.   (*Hill* v. *Bush*, 19 Ark. 522; *Winter* v. *Bandel*, 30 Ark. 362; *Bigham* v. *Bigham*, 57 Tex. 238.)   Each case must depend upon its own peculiar facts and circumstances.

The judgment will therefore be reversed, and the cause remanded to the court below for a new trial.