[Decided November 19, 1894.]

## COOS BAY RAILROAD COMPANY *v.* SIGLIN.

[S. C. 38 Pac. 192.]

1. REPLEVIN—PLEADING FRAUD—GENERAL DENIAL.—In actions for the recovery of personal property, the defense that the property was transferred to hinder, delay, or defraud creditors must be pleaded or it will not be available: *Buchtel* v. *Evans*, 21 Or. 309, approved and followed.

2. IDEM.—In Oregon there is no exception to the general rules of pleading to the effect that under a general denial, in actions for the recovery of personal property, anything may be shown to defeat the plaintiff's title. Under our code practice only such facts can be shown under a general denial as tend directly to disprove the facts alleged in the complaint, all other defenses must be specially pleaded.

3. INSTRUCTIONS—JURY TRIAL.—It is reversible error to charge as to an issue not made by the pleadings, though evidence on such issue is admitted without objection.

APPEAL from Coos: J. C. FULLERTON, Judge.

This action was commenced June eighteenth, eighteen hundred and ninety-two, by the Coos Bay, Roseburg, and Eastern Railroad and Navigation Company against Z. T. Siglin to recover nine hundred and twenty-four steel T-rails, with fish plates to match, and a lot of bolts and washers. The complaint alleges that on the twenty-third day of May, eighteen hundred and ninety-two, plaintiff was the owner and entitled to and in possession of said property, and that its value was fifteen thousand dollars; that on the date last named the defendant wrongfully and unlawfully took the same from the possession of plaintiff, and unlawfully withholds and detains it, to plaintiff's damage in the sum of five thousand dollars. The defendant answered, denying specifically the allegations of the complaint, except that the plaintiff was a corporation, and for a separate defense alleges, substantially, that at the times named in the complaint the defendant was sheriff of Coos

County, Oregon, and had for service an 'execution, duly issued out of the circuit court of said county, upon a judgment duly rendered in favor of one C. F. Miller, and against one R. A. Graham, commanding defendant as such sheriff to make the sum of two thousand dollars, with interest from February twenty-fifth, eighteen hundred and ninety-one, at the rate of eight per cent. per annum, the further sum of thirty-two dollars and eighty-five cents costs, and the accruing costs upon the execution; that the goods and chattels described in the complaint were the property of the said Graham, and that the defendant levied upon the same as his property, and so held it at the date of the commencement of the action. The defendant further shows, by appropriate allegations, that the plaintiff gave the necessary undertaking, and took the property from his possession, and he therefore demands its return. The reply puts in issue Graham's ownership of the property in dispute. Trial was had by jury upon these issues, which resulted in a verdict and judgment in favor of defendant, from which the plaintiff appeals.

REVERSED.

*Mr. J. W. Hamilton (Mr. John A. Gray* on the brief), for Appellant.

*Mr. S. H. Hazard,* for Respondent.

Opinion by MR. JUSTICE WOLVERTON.

The errors assigned arise upon the court's instruction to the jury. The instructions are lengthy, but the only portions thereof necessary for us to notice here are as follows: "If you find from the evidence in this case that said R. A. Graham made to the plaintiff the sale under which it claims to be the owner of the property in the complaint described, with the intent to hinder, delay, or

defraud his creditors, and that plaintiff negotiated such sale with said R. A. Graham knowing of such intent on his part, or having knowledge of such facts and circumstances as would induce a reasonable person to believe that said R. A. Graham did have such fraudulent intent in making such sale, then and in that case I instruct you that such sale was fraudulent and void as to the creditors of said R. A. Graham, and as to the defendant in this action." Further, "if you find from the evidence that said R. A. Graham transferred to the plaintiff the title to the property in the complaint described, with intent to hinder, delay, or defraud his creditors, and that plaintiff accepted such transfer without paying to him any valuable consideration therefor, then and in that case I instruct you that the fact, if you find it to be a fact, that such transfer of title was made without any valuable consideration, it is to be taken by you as evidence that such transfer was fraudulent and void as to the creditors of said R. A. Graham. And it would make no difference whether said transfer was made verbally or by a written instrument, it would be void in either case."

1.  These instructions were challenged as not the law applicable to the case under the issues. The controversy is whether, in an action for the recovery of personal property, when the defense is sought to be made that such property was transferred to hinder, delay, or defraud creditors, such defense should be alleged in the answer, and, if so, whether it was error to instruct the jury upon that question when not so alleged. It was strenuously insisted by counsel for defendant at the argument that a denial of property in the plaintiff, and the plea of property in and possession of Graham, a third person, is sufficient to let in evidence that plaintiff's holding and title is in fraud of Graham's creditors. Many authorities are cited in support of this contention, but most, if not all,

of them are from states which have adopted either the common-law rules of pleading, the general denial, or "not guilty," as applicable to actions of replevin.  Some of these authorities hold that it is not necessary for an officer holding property under process to plead justification, but that the same may be proven under a general denial. It is now the settled doctrine of this court that where a defendant claims a right of possession by virtue of a special property it must be pleaded: *Guille* v. *Wong Fook*, 13 Or. 577, 11 Pac. 277.  And it would seem that where an officer attempts to justify under his writ he must not only show property in a third person, but he must connect himself with the title: *Lewis* v. *Birdsey*, 19 Or. 170, 26 Pac. 623. This far the defendant has complied with the rules of pleading recognized by our Code.  He has justified as sheriff under an execution duly issued and to him directed. He has also alleged property in a third person, and connected himself with the title, but he has not alleged fraud as against the creditors of R. A. Graham.  We will now determine whether this is essential.  In *Buchtel* v. *Evans*, 21 Or. 309, 28 Pac. 67, a case wherein it was insisted as a matter of defense that the employment of a real-estate broker by both buyer and seller is illegal and void as *contra bonos mores*, BEAN, J., says: "At common law, under the general issue, the defendant was entitled to give in evidence any fact which went to show a valid defense. The Code of this state has wrought an entire change in that regard, and substituted for the general issue an answer, which must contain (1) a specific denial of the material allegations intended to be controverted; and (2) a statement of any new matter constituting a defense: Hill's Code, § 72.  If the defendant by his answer merely deny the facts alleged, he can only offer in evidence such facts as go to disprove the plaintiff's cause of action.  Under the Code, a general traverse will not permit the defendant

to introduce other evidence than that which tends directly to disprove the facts alleged in the complaint."

The instructions of the court below to which exceptions were taken would seem to indicate that evidence was given tending to show that R. A. Graham had sold or transferred the property in dispute to the plaintiff for the purpose of cheating, wronging, and defrauding his creditors, in which purpose plaintiff participated, or at least was chargeable with knowledge thereof. Under the allegations of the complaint plaintiff is required to show title in himself, or a present right of possession. Any evidence which would tend directly to disprove his title or right of possession would be pertinent under the specific denials of the answer; and the question recurs whether the evidence assumed by the instructions to have been given tends to this end. Such evidence may impeach or overthrow plaintiff's title, but it cannot be said that it disproves it. In fact, if it be conceded that the plaintiff purchased the property directly from Graham, the effect of such evidence would be to show that it had title, and one absolutely good as against Graham. When the statute says that a sale or transfer of property made for the purpose of hindering, delaying, or defrauding creditors is void as to them, such a sale or transfer is, in legal contemplation, only voidable, and that at the instance of a creditor. As between the parties, the sale or transfer may be absolute and unimpeachable. Unless a creditor moves, the title stands, and is good against all the world; so that there is a distinction between showing a want of title, and in impeaching or overthrowing it. These considerations, under the rule laid down in *Buchtel* v. *Evans*, would make the defense relied on new matter. Another element concurs to make this new matter, and that is the alleged fraud committed as against creditors. Usually fraud cannot be proven unless alleged by the pleadings, as it is a general and well estab-

lished rule that fraud will not be presumed.   The object of our code pleading is to give notice to the opposite party of the defense intended to be interposed.   This case is an illustration in point.   Let it be assumed, for the sake of argument, that the plaintiff purchased of Graham, and paid full value, without notice or knowledge of Graham's alleged intentions to defraud his creditors.   How could plaintiff be notified of the defense intended to be interposed unless it is disclosed by the answer?   He certainly could not be advised of such defense, and consequently would be totally unprepared to meet the assault upon his title.

2.   But counsel for defendant contend that an exception exists as to the rules of pleading applicable to actions for the recovery of personal property, and that under a general denial any state of facts may be shown to defeat the plaintiff's title.   This doctrine is not tenable under our Code.   The Colorado code practice is very similar to ours, and the direct point at issue has been several times decided in that state.   In *Tucker* v. *Parks*, 7 Colo. 70, 1 Pac. 427, the defendant sought to attack an assignment for fraud, and thereby avoid plaintiff's title.   BECK, C. J., speaking for the court, said: "Neither fraud nor any other matter in avoidance of plaintiff's title, was set up in the answer.   The plaintiff proved his title and right to possession by producing in evidence the deed of assignment.   Defendant then attempted to avoid the deed by proof of circumstances tending to show that it was given in fraud of the rights of creditors, and void for that reason.   This testimony was not admissible.   Fraud must be specially pleaded in an answer as well as in a complaint. There were no facts stated in the answer apprising the plaintiff that his title would be assailed in this manner." In *Seeleman* v. *Hoagland*, 19 Colo. 231, 34 Pac. 995, a case identical with the one at bar, the court says: "It is now

too well settled in this jurisdiction to admit of dispute that if a party desires to subject property held by a vendee, under apparently valid *indicia* of ownership or muniment of title, to the payment of the debt of his vendor, (in an action of replevin as well as in any other form of action,) he must plead and prove the facts that vitiate such title, whether they constitute fraud or estoppel." See also *De Votie* v. *McGeer*, 15 Colo. 467, 22 Am. St. Rep. 426, 24 Pac. 923; Pomeroy on Rights and Remedies, § 678; *Frisbie* v. *Langworthy*, 11 Wis. 375; *Glazer* v. *Clift*, 10 Cal. 303. It is apparent from these authorities that if defendant intended to rely upon a fraudulent transfer from Graham to plaintiff with the intent to defeat the creditors of Graham in the collection of their demands, as a defense to the action, he should have pleaded it, otherwise he was not entitled to introduce proof in support of that contention.

3. It is urged, however, that as no objections were taken to the evidence offered to defeat plaintiff's title upon this ground, and the evidence having gone to the jury, it was not error in the court to instruct the jury touching such evidence, even though it tended to prove a case broader than the pleadings disclosed. The former decisions of this court are decisive of that question. "An instruction upon matters not put in issue by the pleadings is erroneous, and furnishes cause for reversal": *Buchtel* v. *Evans*, 21 Or. 309, 28 Pac. 67; see also *Hayden* v. *Long*, 8 Or. 247; *Marx* v. *Schwartz*, 14 Or. 178, 12 Pac. 253; *Woodward* v. *Oregon Railway and Navigation Company*, 18 Or. 289, 22 Pac. 1076. We conclude, therefore, that the court below was in error in giving the instruction complained of, and its judgment is therefore reversed and a new trial ordered.  Reversed.