Decided January 13, 1896.

## PEARSON v. DRYDEN.
[43 Pac. 166.]

1. INSTRUCTIONS TO JURY — ABSTRACT PROPOSITIONS.— Abstract propositions of law, not applicable to the facts of the case in hand, are misleading and mischievous, and to present such in an instruction to a jury is reversible error[*]: *Bowen* v. *Clarke*, 22 Or. 566, approved and followed.

2. EJECTMENT — STATUTE OF LIMITATIONS — ADVERSE POSSESSION.— The title of a person who has been in adverse possession of land for more than the statutory period, entering under a survey which both he and the adjoining proprietor believed to be correct, cannot be affected by a subsequent survey showing that the division line had not been correctly located by the first survey: *Joy* v. *Stump*, 14 Or. 361, cited and approved.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

For appellant there was a brief by *Messrs. Edward Mendenhall, Elbert J. Mendenhall,* and *Watson, Beekman and Watson,* with an oral argument by *Mr. Edward Mendenhall.*

[*]This proposition is announced and fully sustained in the following cases: *Shattuck* v. *Smith,* 5 Or. 125; *Glaze* v. *Whitley,* 5 Or. 165; *Morris* v. *Perkins,* 6 Or. 350; *Rosendorf* v. *Baker,* 8 Or. 241; *Hayden* v. *Long,* 8 Or. 244; *Willis* v. *Oregon Railway and Navigation Company,* 11 Or. 257; *Marx* v. *Schwartz,* 14 Or. 178; *Breon* v. *Henkle,* 14 Or. 494; *Glenn* v. *Savage,* 14 Or. 567; *Roberts* v. *Parrish,* 17 Or. 583; *Woodward* v. *Oregon Railway and Navigation Company,* 18 Or. 289; *Langford* v. *Jones,* 18 Or. 308; *Larsen* v. *Oregon Railway and Navigation Company,* 19 Or. 241; *Bailey* v. *Davis,* 19 Or. 217; *Rowland* v. *McCown,* 20 Or. 538; *Buchtel* v. *Evans,* 21 Or. 309; *Bowen* v. *Clarke,* 22 Or. 566; *Hislop* v. *Moldenhauer,* 23 Or. 119; *Coos Bay Railroad Company* v. *Siglin,* 26 Or. 393.— REPORTER.

For respondent there was a brief by *Messrs. C. S. Hannum* and *Joseph W. Ivey,* with an oral argument by *Mr. Hannum.*

Opinion by MR. CHIEF JUSTICE BEAN.

This is an action by Samuel Pearson to recover the possession of real property from William H. Dryden. The complaint is in the usual form, alleging title and right to possession in plaintiff, and a wrongful withholding by the defendant. The answer denies the allegations of the complaint, and sets up title by adverse possession in the defendant, which is denied by the reply. From the pleadings and evidence it appears that plaintiff and defendant have been the owners of adjoining tracts of land in Multnomah County for many years; that in eighteen hundred and seventy-seven, at plaintiff's request, Mr. Burrage, the then county surveyor, surveyed out and marked a line between the premises of the respective parties for a division line; that immediately thereafter a fence was built along such line by the parties, which has been maintained ever since as a division fence; that each party occupied, cultivated, and improved his respective lands up to the fence, claiming to own to the line so marked, without objection from the other until eighteen hundred and ninety, when another line was run by Hurlburt, the then county surveyor, differing from that formerly run by Burrage, whereupon the plaintiff, for the first time, claimed to own the land between the two lines which had been enclosed and occupied by the defendant, and subsequently brought this action to recover possession thereof. There was a judgment for plaintiff and defendant appeals.      REVERSED.

1. On the trial, the court, among other things, charged the jury that "The answer sets up title by adverse possession, that is, open, notorious, and adverse possession for a period of ten years consecutively. You have heard the evidence concerning that matter. It is a general rule, however, that a possession that begins by consent, which has its inception by license, can never ripen into adverse title until such possession has returned to the party from whom the license comes, and then commences anew."

It is contended by the defendant that, although this instruction may be correct as an abstract proposition of law, the court erred in giving it in this case, because it has no application to any issue therein, and in this we think he is correct. There was no question of license in the case. It was admitted by plaintiff all through the trial that defendant was and had been in the exclusive, undisputed possession of the tract in dispute from the time of the Burrage survey in eighteen hundred and seventy-seven up to eighteen hundred and ninety, when the Hurlburt survey was made, under the belief of both parties that it belonged to him. The only witnesses in regard to the circumstances under which the possession was taken were the plaintiff and defendant, and neither of them testified to anything from which a license could in any way be inferred, but they both testified that defendant entered into and took possession of the land in controversy as his own. It has been repeatedly held by this court that abstract propositions of law, not applicable to the facts in evidence, are misleading and mischievous, however correct in themselves, because they necessarily tend to draw the minds of the jury away from the real facts in the case to something which they may conceive to exist, although not found

in the evidence. The authorities on this question are collated by the late Chief Justice STRAHAN in *Bowen v. Clarke,* 22 Or. 566 (30 Pac. 430). The instruction complained of had a tendency to mislead the jury by leaving them to infer that, in the opinion of the court, the the acquiescence of plaintiff in defendant's occupancy up to the Burrage line might be considered as a mere license, when the undisputed evidence showed to the contrary. For this reason, we think it was error to give it.

2. The court refused the defendant's request to instruct the jury that if he had been in the adverse possession of the property in dispute from eighteen hundred and seventy-seven up to the date of the Hurlburt survey in eighteen hundred and ninety, such survey could not affect in any manner his title thus acquired, and this, in our opinion, was also error. If defendant had been in the adverse possession of the land for more than ten years prior to the Hurlburt survey, his possession had ripened into a title (*Joy v. Stump,* 14 Or. 361, 12 Pac. 929,) which could not be affected in any way by such survey. It was peculiarly important to defendant that an instruction to this effect should have been given, because much prominence was given in the evidence and charge of the court to the testimony tending to show that the Burrage survey was incorrect. Indeed, the court began its charge to the jury by saying that "the controversy here has arisen out of conflicting surveys," and then proceeds to instruct them very carefully as to the rules by which they should be governed in determining the effect of the several surveys, and in doing so intimated very strongly, if it did not state in so many words, that

the Hurlburt survey was the more reliable. It was therefore easy for the jury to imagine that the Hurlburt survey, if correct, was conclusive upon the title, and to overlook the effect of defendant's adverse possession. The real question in the case as disclosed by the record before us does not seem to be so much a controversy about conflicting surveys as one of adverse possession, and while the court in its general charge seems to have instructed the jury quite fully upon this question, yet we think the defendant was entitled to the instruction requested as to the effect of the Hurlburt survey upon his adverse possession, if the jury should find that he had been so in possession. It follows that the judgment must be reversed, and a new trial ordered.          REVERSED.