Decided 10 June, 1901.

## HUGHES *v*. McCULLOUGH.

[65 Pac. 85.]

PRESUMPTION AS TO EFFECT OF ERROR—RECORD ON APPEAL.

1.  Where an instruction or a section thereof is erroneous it is presumed to have been prejudicial, and the duty rests on the adverse party to include in the record such other portions of the charge, if any, as show that the error was harmless or was corrected : *Nickum* v. *Gaston*, 24 Or. 380, cited.

PLEADING—WAIVING DEFECTIVE ALLEGATION.

2.  Though an allegation of a complaint or answer may be indirectly or incompletely stated, it may still be sufficient to support a verdict, and if it has been answered or replied to, the defect is waived; as an example, in an action by a broker to recover commissions for selling property, an allegation that a certain contract on that subject was made on a given day, followed by a further allegation that at a subsequent date, "and while said contract between plaintiff and defendant was still in force," the defendant violated it, is sufficient after answer, though it would have been more elegant and complete to have distinctly stated the duration of the contract: *Savage* v. *Savage*, 36 Or. 268, applied.

INSTRUCTIONS BEYOND THE ISSUES—REVERSIBLE ERROR.

3. Courts must be careful to instruct juries only on the issues made by the pleadings, directions as to the other matters constitute reversible error: *Pearson* v. *Dryden*, 28 Or. 350, approved.

From Baker :  ROBERT EAKIN, Judge.

This is an action by M. S. Hughes against H. E. Mc-Cullough to recover a commission as a real estate broker. It is averred in the complaint, in substance, that about July 1, 1900, the defendant gave plaintiff the exclusive right to sell a certain tract of land which the former then owned in Baker County, and agreed to pay him five per cent of the purchase price if he could procure a purchaser who would give $3,000 therefor, the defendant reserving the right to sell it for not less than that sum ; that about July 14, 1900, and while said contract was still in full force, Hughes procured a purchaser who was ready, able, and willing to buy said land, and to pay therefor the sum of $3,000 ; that McCullough was unable to consummate the sale thereof to the purchaser so procured in consequence of his having on that day sold and conveyed it to another person for the sum of $2,500 ; that by reason of the contract and of the premises the defendant is indebted to plaintiff in the sum of $150, no part of which has been paid.  The answer admits that the parties entered into the agreement providing for the sale of the premises, and prescribing the commission to be paid therefor as alleged, but denies that plaintiff was given the exclusive right to sell the land, or that the defendant was not to sell it for less than $3,000, or that the plaintiff procured a purchaser who was ready, able, or willing to buy it, or to pay said sum therefor ; and avers, in effect, that about July 14, 1900, the defendant offered plaintiff the sum of $150 if he would secure a purchaser who would pay $3,000 for said land ; that the defendant sold said premises, and immediately notified

the plaintiff thereof, and that the latter never at any time secured a purchaser therefor. The allegations of new matter in the answer having been denied in the reply, a trial was had, resulting in a judgment for the defendant, and the plaintiff appeals.     REVERSED.

For appellant there was a brief over the names of *F. M. Saxton* and *Will R. King*, with an oral argument by *Mr. Saxton*.

For respondent there was a brief over the name of *Smith & Heilner*, with an oral argument by *Mr. William Smith*.

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

The court instructed the jury that "If there was a contract between the plaintiff and the defendant whereby plaintiff was to have the privilege of selling defendant's land at $3,000, and was to have five per cent commission on such sale, but reserving to defendant the right to himself sell, provided he should not sell for less than $3,000, and pursuant to that agreement plaintiff did procure a purchaser to defendant ready, able, and willing to purchase at a price and on terms satisfactory to the defendant, defendant not having himself sold the land, then plaintiff would be entitled to his commission." The plaintiff's counsel having excepted to this instruction, it is contended that the court erred in giving it.

1. As a preliminary matter, however, it is insisted by defendant's counsel that the bill of exceptions fails to show that the instruction complained of was the only one given by the court, and that, if any error was committed in this respect, it must be presumed to have been

rendered harmless by other portions of the charge; and that the plaintiff does not allege that the contract relied upon gave him any specified time in which to secure a purchaser, nor does he aver that his right to sell the land was coupled with any interest therein, from which it must be inferred that the defendant possessed the power to revoke the agency at will; and, having done so by selling the premises, the complaint does not state facts sufficient to constitute a cause of action, and hence the appeal should be dismissed. In *Nickum* v. *Gaston*, 24 Or. 380 (33 Pac. 671, 35 Pac. 31), it was held that, if a single instruction stated an erroneous proposition of law, it was prejudicial, unless shown to be harmless; to rebut which it was incumbent upon the respondent to incorporate into the transcript other portions of the charge showing that the error assigned was rendered harmless or removed. To the same effect, see *Payne* v. *Spokane St. Ry. Co.* 15 Wash. 522 (46 Pac. 1054), overruling *Oregon Ry. & Nav. Co.* v. *Galliher*, 2 Wash. T. 70 (3 Pac. 615), relied upon by defendant's counsel. The defendant not having observed this salutary rule, the instruction complained of is vulnerable to any legal objection that can be urged against it.

2. It is not alleged in the complaint that the plaintiff's exclusive right to procure a purchaser of the real property was to continue for any time, but it is averred therein that the agreement was entered into July 1, 1900, and that on the fourteenth of that month, "and while said contract between the plaintiff and defendant was still in force, the plaintiff procured a purchaser," etc. This allegation, though imperfect in form, would be sufficient to support a judgment in favor of the plaintiff; for the defendant, after his demurrer to the complaint had been overruled, answered over, thereby waiving the de-

fective averment in the pleading: *Wells* v. *Applegate*, 12 Or. 208 (6 Pac. 770); *Olds* v. *Cary*, 13 Or. 362 (10 Pac. 786); *Drake* v. *Sworts*, 24 Or. 198 (33 Pac. 563); *Savage* v. *Savage*, 36 Or. 268 (59 Pac. 461).

3. Considering the exception to the instruction complained of, it will be remembered that the answer admits the execution of the agreement by the parties ; hence the issues to be tried were : (1) Did the defendant reserve the right to sell the land for less than $3,000? and (2) did the plaintiff procure a purchaser who was ready, able, and willing to buy it, and to pay therefor the sum of $3,000? It is stated in the bill of exceptions, in effect, that the plaintiff introduced testimony tending to prove that his right to sell the land was exclusive, except that defendant reserved the right to sell it for $3,000, but that it was expressly agreed that he would not sell it for less than that sum ; that on July 14, 1900, the plaintiff produced a purchaser, who was able, ready, and willing to buy the real property, and to pay therefor the sum of $3,000, and so notified the defendant, who was unable to consummate the sale with said purchaser in consequence of his having on that day, but prior thereto, conveyed the land to another person for the sum of $2,500 ; that the plaintiff had no knowledge of such sale until after he had procured said purchaser ; and that the defendant prior thereto had never given him any notice of the termination of their agreement, or paid him any part of the commission. The defendant admitted that he sold the land for $2,500, and introduced testimony tending to prove that in the agreement entered into with the plaintiff he had reserved the right to sell the premises, without any restriction as to price, and that upon such sale he immediately notified the plaintiff thereof, and informed him of the price received, but not until after the plaintiff had notified him

that he had procured a purchaser who would pay the sum of $3,000. It is alleged in the complaint and admitted in the answer that the defendant sold the land, and hence there was no issue upon that subject; notwithstanding which the court placed the plaintiff's right of recovery, in its instruction, upon the hypothethis of the defendant not having sold the land. The rule is well settled in this state that an instruction outside the issues is erroneous, and constitutes reversible error: *Marx* v. *Schwartz*, 14 Or. 177 (12 Pac. 253); *Woodward* v. *Oregon Ry. & Nav. Co.* 18 Or. 289 (22 Pac. 1070); *Coos Bay R. R. Co.* v. *Siglin*, 26 Or. 387 (38 Pac. 192); *Pearson* v. *Dryden*, 28 Or. 350 (43 Pac. 166). The instruction complained of was not only erroneous for this reason, but, the defendant, in his answer and as a witness, having admitted that he sold the land, the court, in effect, told the jury to find a verdict in his favor. It follows that the judgment is reversed, and a new trial ordered.    REVERSED.

Decided 10 June, 1901.