Argued 26 November; decided 22 December, 1902.

## FIRST NATIONAL BANK *v.* McDONALD.

[70 Pac. 901.]

TRIAL—INSTRUCTING ON IRRELEVANT ISSUES.

1. It is reversible error to instruct a jury concerning issues other than those made by the pleadings.

NECESSITY OF PLEADING FACTS CONSTITUTING AN ESTOPPEL.

2. A party must plead an estoppel *in pais* if he has an opportunity, or the benefit of it will be denied him; as witness, a landowner claiming an estoppel against his neighbor's right to move a certain fence because the fence had been located by the neighbor before the pleader bought in reliance on the apparent situation, must fully plead that he relied on the conditions produced by his neighbor's conduct.

From Umatilla: W. R. ELLIS, Judge.

This is an action by the First National Bank of Walla Walla against D. McDonald to recover the possession of a strip of land in section 28, township 5 north, range 35 east, in Umatilla County, Oregon, involving a question of boundary between the southeast and southwest quarters of that section. It is alleged in the complaint that plaintiff is a corporation, and the owner and entitled to the possession of the disputed premises, particularly describing them; and that defendant is, and has been since April 21, 1898, in unlawful possession thereof. The answer denies the material allegations of the complaint, and alleges that, for more than ten years prior to the commencement of the action, defendant and his predecessors in interest have been in the open, notorious, exclusive, continuous, and adverse possession of the whole of the disputed tract, claiming the same as the owner thereof, and was, and for a long time prior thereto had been, the owner of the whole thereof. For a further defense it is averred, in substance, that plaintiff ought not to be permitted to allege that it is the owner or entitled to the possession of the land described in the complaint, for that in 1885 one Alex. Walker, from whom it claims to derive title to said premises, was the owner of the said southeast quarter, and in possession of the disputed tract, and one L. Hutchinson was the owner of the southwest quarter; that, the boundary between their respective lands being indefinite, uncertain, un-

42 OR.—17

ascertained, and in dispute, Hutchinson, in the fall of 1885, caused a survey of said lands to be made, to determine the location of said boundary, and Walker was present when the survey was made, had knowledge thereof, and acquiesced therein; that by said survey it was ascertained that the quarter post on the south side of said section was east of the fence then erected to mark what was supposed to be the division line; that thereafter, and in accordance with said survey, Walker and Hutchinson removed said fence, and rebuilt it on the boundary as ascertained by such survey, where it has ever since remained and has been maintained by Walker and Hutchinson and their successors in interest in said premises, including this defendant, who, ever since the removal of said fence, has been in the possession of the whole of the demanded premises, claiming to be, and now is, the owner thereof; that plaintiff claims to derive its title to said premises from Walker, and that by reason of the facts hereinbefore stated it should be estopped from claiming any part thereof. The reply, having denied most of the material allegations of new matter in the answer, averred, in substance, that at the time said survey was made it was agreed by and between Walker and Hutchinson that the partition fence should be moved from where it then stood to the line of said survey, upon condition, however, that, if it should be discovered not to be the true boundary between said quarter sections, the fence should be removed to the true boundary; that on March 31, 1899, said true boundary was established on the line described in the complaint; and that Hutchinson never at any time repudiated said agreement. A trial being had upon the issues thus outlined, a verdict was returned for defendant, and judgment having been rendered thereon, dismissing the action, plaintiff appeals.   Reversed.

For appellant there was a brief over the names of *B. L. & J. L. Sharpstein* and *Stillman & Pierce,* with an oral argument by *Mr. J. L. Sharpstein.*

For respondent there was a brief over the names of *Alfred S. Bennett* and *Thomas G. Hailey,* with an oral argument by *Mr. Hailey.*

MR. CHIEF JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

It is contended by plaintiff's counsel that the court erred in giving, over their objection and exception, the following instruction: "Where two parties by mutual and unqualified agreement cause a boundary line to be established between their tracts, and build their fences upon such boundary line, and afterwards dispose of the lands owned by them respectively, with the division fence so marked upon the ground, and the purchaser of either of said parties buys, relying upon the line so established, the other party is estopped from denying that such line is the true boundary line; and if you believe from the evidence in this case that, at the time McDonald purchased this land from Hutchinson, the boundary line between the land purchased by him and the southeast quarter of said section 28 was marked on the ground by the fence where it now is, and McDonald bought relying upon it as the true line, then I instruct you that the plaintiff is estopped from claiming that the line is other than the one so agreed to by the defendant,—if you find from the evidence such was made, your verdict must be for the defendant."

1. The testimony given at the trial is incorporated in the bill of exceptions, and shows that in 1894 defendant purchased from Hutchinson the southwest quarter of said section 28, at which time the fence rebuilt by Walker and Hutchinson stood on the line as surveyed in 1885, and it is insisted by defendant's counsel that their client most assuredly bought his land relying upon said fence as the true line, and did not know of any one claiming any land in the south half of said section lying west thereof; and it is argued that, as plaintiff and defendant are the parties mentioned in the answer as having acquiesced in the line so surveyed, as being the true boundary, the instruction complained of is within the issues, and that in any event it was not necessary for the jury to have believed that McDonald bought relying upon the fence as the true boundary. If a verdict is to be upheld because it was unnecessary for the jury to believe all the instructions given them,

thereby burdening them with the duty of determining not only the facts but also the law, it would irresistibly follow that, if a part of the court's charge, notwithstanding its inconsistency or that it was without the issue, could be segregated, sufficient to support the verdict, no judgment would ever be reversed. Such is not the law, the rule being that, where an instruction outside the issues is given, it is impossible to say that the jury may not have observed and obeyed it and placed their verdict thereon: *Morrison* v. *McAtee,* 23 Or. 530 (32 Pac. 400). The rule is well settled in this state that an instruction outside the issues is erroneous, and constitutes reversible error: *Marx* v. *Schwartz,* 14 Or. 177 (12 Pac. 253) ; *Woodward* v. *Oregon Ry. & Nav. Co.* 18 Or. 289 (22 Pac. 1076) ; *Coos Bay Nav. Co.* v. *Siglin,* 26 Or. 387 (38 Pac. 192) ; *Pearson* v. *Dryden,* 28 Or. 350 (43 Pac. 166) ; *Hughes* v. *McCullough,* 39 Or. 372 (65 Pac. 85).

2. It is nowhere alleged that defendant purchased the southwest quarter of section 28 relying upon the location of the eastern boundary thereof as evidenced by the fence erected by Walker and Hutchinson in 1885, and standing at the time of his purchase on the line as then surveyed. The facts so assumed in the instruction complained of constitute an estopel *in pais,* and the rule is that, if a party has an opportunity to plead such an estoppel, he must do so to take advantage thereof: *Rugh* v. *Ottenheimer,* 6 Or. 231 (25 Am. Rep. 513) ; *Remillard* v. *Prescott,* 8 Or. 37; *Bruce* v. *Phoenix Ins. Co.* 24 Or. 486 (34 Pac. 16) ; *Bays* v. *Trulson,* 25 Or. 109 (35 Pac. 26) ; *Nickum* v. *Burckhardt,* 30 Or. 464 (47 Pac. 788, 48 Pac. 474, 60 Am. St. Rep. 822). The defendant, prior to the trial, must have known the facts constituting the alleged estoppel, and therefore had an opportunity to plead them, but, not having done so, the instruction quoted is without the issues and erroneous.

It follows from these considerations that the judgment is reversed and the cause remanded for a new trial.   REVERSED.