Argued April 16, reversed May 19, 1914.

## TONSETH v. PORTLAND RY., L. & P. CO.*

(141 Pac. 868.)

**Negligence—Imputed Contributory Negligence—Driver of Vehicle.**

1. The general rule is that where the injured occupant of a vehicle and the driver do not occupy the position of master and servant, passenger and carrier, or parent and child, and the injured person is

*As to imputed negligence of driver to passenger, generally, see note in 8 L. R. A. (N. S.) 597.

On the question of imputed contributory negligence, see note in 35 L. Ed. (U. S.) 734.    REPORTER.

in the exercise of due care, having no reason to suspect carelessness or incompetency of the driver, and is injured by the concurrent negligence of the driver and some third person, a recovery against the third person is not precluded by negligence of the driver.

· [As to imputed negligence, see note in 110 Am. St. Rep. 278. As to driver of vehicle and whether his negligence is imputable to his passenger, see notes in 23 Am. Rep. 4; 54 Am. Rep. 135; 57 Am. Rep. 488.]

### Trial—Instructions—Applicability to Case.

2.   In an action for injuries to an occupant of a vehicle, where it was not disputed in the pleadings or testimony that plaintiff was invited by the owner and driver to ride in the vehicle, an instruction that the negligence of the driver cannot be imputed to the plaintiff unless he had authority or control over him, or was legally bound to look after his conduct, or had reason to suspect his carelessness or skill, and if the plaintiff was ·there by invitation of the driver, his negligence could not be imputed to plaintiff, but if the relationship of master or servant, employer or employee, or agency existed between plaintiff and the driver, the plaintiff could not recover, was erroneous in submitting to the jury the question of relationship, which was not involved in the issues.

### Witnesses—Impeachment—Inconsistent Statements.

3.   Under Section 864, L. O. L., providing that a witness may be impeached by evidence that he has made at other times statements inconsistent with his testimony, but if the statements be in writing, they shall be shown to witness before any question is put to him concerning them, it was error to permit defendant's counsel, in an action for personal injuries, after reading from a statement signed by the plaintiff, to ask plaintiff whether he had not stated that the accident was an unavoidable one, without first having shown the writing to plaintiff.

[As to impeaching witnesses by prior contradictory statements, see note in 73 Am. Dec. 762.]

### Trial—Reception of Evidence—Written Statement—Submission to Adverse Counsel.

4.   It is error to admit in evidence a writing, signed by plaintiff, offered by defendant, by which it was sought to impeach plaintiff's testimony, without permitting plaintiff's counsel to inspect it to enable him to frame objections thereto.

From Multnomah: George N. Davis, Judge.

Department 1.   Statement by Mr. Justice Moore.

This is an action by Cornelius Tonseth against the Portland Ry., L. & P. Co., a corporation, to recover damages for a personal injury.   The facts are that on October 22, 1912, the plaintiff was standing at a crossing on the north side of East Belmont Street in

Portland, Oregon, expecting to enter one of the defendant's cars, which was then approaching on that street from the east on the north line of rails. While thus waiting an acquaintance, who owned and was then operating a private automobile, came from the east on the south side of the street, and, seeing the plaintiff, invited him to ride. Accepting the invitation, he voluntarily entered the vehicle, and thereby became a gratuitous passenger as the guest of the driver. In the meantime the car referred to passed them, but, halting farther west for passengers, it was passed by the automobile, which then was gradually turned to the north, so as to take the right side of the street, as required by law. Before this line could be reached, however, another of defendant's cars, coming from the west on the south side of the street, collided with the automobile, breaking the plaintiff's collar-bone, fracturing one of his ribs, and otherwise injuring him. The negligence alleged in the complaint as a basis of recovery is in effect that the defendant, in operating the car going east ran it at a high and dangerous speed exceeding the rate limited by ordinance of that city, and that in consequence of such carelessness the plaintiff was injured in the manner stated.

The answer denied the material averments of the complaint, and for a separate defense alleged that the accident was due to the negligent manner in which the owner of the automobile drove his vehicle, and also to the contributory negligence of the plaintiff in that immediately prior to the accident he was in a position to have warned the driver of the automobile of the impending danger and thus have avoided the injury, but that he failed to do so.

The reply put in issue the allegations of new matter in the answer, whereupon the cause was tried, result-

ing in a judgment for the defendant, and the plaintiff appeals.                                           REVERSED.

For appellant there was a brief over the name of *Messrs. Schmitt & Schmitt,* with an oral argument by *Mr. Lewis E. Schmitt.*

For respondent there was a brief over the names of *Messrs. Griffith, Leiter & Allen* and *Mr. T. S. Robinson,* with an oral argument by *Mr. Rufus A. Leiter.*

MR. JUSTICE MOORE delivered the opinion of the court.

1, 2. The court, referring to the accident in a part of its charge, said to the jury:

"If the injury to the plaintiff was caused by the negligence of the defendant's servants, without negligence on the part of the plaintiff or the driver of the automobile, your verdict should be for the plaintiff; but if such injury was caused by the concurrent negligence of both the plaintiff and defendant, the plaintiff would be guilty of contributory negligence, and your verdict should be for the defendant, as the law in such case does not balance the degree of negligence or responsibility attributable to each party. Further, if such injury was caused altogether by the negligence or recklessness of the driver of the automobile, and without negligence on the part of the defendant or its servants, your verdict should be for the defendant. If, however, the injury was due to the concurrent negligence of the defendant's servants and the driver of the automobile, then the question arises, How far can the negligence of the automobile driver be imputed to the plaintiff? The negligence of the driver cannot be imputed to the plaintiff unless he had authority or control over him, or unless he was legally bound to look after his conduct, or unless he had reason to suspect his carelessness or skill. If the plaintiff was there by the invitation of the driver of

the automobile, so that the driver was in no manner his servant, agent, or employee, then his negligence could not be imputed to the plaintiff.   In other words, if the plaintiff had control of this driver, his negligence, that is, the driver's negligence, would be the negligence of the plaintiff, and the plaintiff would not be entitled to recover.   If the plaintiff was under a legal duty to look after the conduct of the driver, but he failed to do so, then he cannot recover.   If the plaintiff had a reason to suspect the driver's care or skill, he cannot recover, or if the relationship of master and servant, employer or employee, or agency existed between the plaintiff and the driver, then the plaintiff would not be entitled to recover.''

An exception having been taken to this part of the charge, it is contended by plaintiff's counsel that an error was thereby committed.   It is argued that since no issue was made by the pleadings nor testimony offered tending to show that the plaintiff had any control over the driver of the automobile, or that there existed between them the relation of master and servant, employer and employee, principal and agent, or that Tonseth was under any legal duty to look after the conduct of the driver, the reference to such relation and duty in the part of the charge complained of was without the issues and prejudicial.

In *Shultz* v. *Old Colony Street Ry. Co.*, 193 Mass. 309, 315 (79 N. E. 873, 874, 118 Am. St. Rep. 502, 9 Ann. Cas. 402, 8 L. R. A. (N. S.) 597, 604), which is a well-considered case and fully annotated, it was ruled that the negligence of the driver of a vehicle was not to be imputed to a guest riding with him gratuitously, and personally in the exercise of all the care which ordinary caution required, so as to preclude the guest from recovering from a third person for personal injuries proximately resulting from the neg-

ligence of the latter. In deciding that case Mr. Justice Rugg, speaking for the court, says:

"With some modifications in its application to particular cases, the general rule is that, where the injured person and the driver do not occupy the position of master and servant, passenger and carrier, parent and child, and where the plaintiff is himself in the exercise of due care, having no reason to suspect carelessness or incompetency on the part of the driver, and is injured by the concurrent negligence of the driver of the vehicle and some third person, the guest is not precluded from recovery against the third person by reason of the negligence of the driver."

That part of the charge complained of was evidently based upon the language last quoted, which clearly announces the rule of law generally applicable to cases of this class. An examination of the last clause of that part of the charge so challenged will show that the fictitious relation adverted to seems to have been submitted to the jury as a question of fact for their determination. In a preceding clause, however, it is said:

"If plaintiff was there by the invitation of the driver of the automobile, so that the driver was in no manner his servant, agent or employee, then his negligence could not be imputed to the plaintiff."

From this excerpt it might at first appear that the question of relationship was thus made to depend upon a consideration of the inquiry as to whether or not the jury should find that the plaintiff was riding in the automobile by the driver's invitation. There was no dispute as to the driver's invitation, and, this being so, the instruction as to the relationship which might possibly have existed between the plaintiff and the driver of the automobile was the statement of an abstract proposition of law, and misleading, since it sub-

mitted to the jury a question that was not involved: *Pearson* v. *Dryden,* 28 Or. 350 (43 Pac. 166), and notes of preceding cases on this subject; *Dooley* v. *Bank of Baker City,* 29 Or. 277 (45 Pac. 780) ; *Emison* v. *Owyhee Ditch Co.,* 37 Or. 577 (62 Pac. 13); *Hughes* v. *McCullough,* 39 Or. 372 (65 Pac. 85) ; *Carson* v. *Lauer,* 40 Or. 269 (65 Pac. 1060) ; *First National Bank* v. *McDonald,* 42 Or. 257 (70 Pac. 901) ; *Geldard* v. *Marshall,* 47 Or. 271 (83 Pac. 867, 84 Pac. 803). In *State* v. *Weaver,* 35 Or. 415 (58 Pac. 109), it was held that an instruction outside the issues was prejudicial when the facts assumed were adverse to the party complaining thereof. In the case at bar the facts implied in the hypothetical question stated by the court as to the relationship of the plaintiff and the driver of the automobile were adverse to Tonseth, and an error was committed in giving that part of the charge so objected to. The instruction on this branch of the case should have been limited to a consideration of the questions as to whether the plaintiff at the time he was hurt was in the exercise of due care, and whether he had any reason to suspect carelessness or incompetency on the part of the driver.

3, 4. In view of the conclusion thus reached it is important to consider another question. Two days after the accident the plaintiff subscribed his name to a writing prepared by an agent of the defendant, purporting to detail the manner and extent of the injury suffered, and stating in effect that the plaintiff was riding at full speed in an automobile which skidded on the slippery street toward the car with which it collided; that the car was then apparently moving at its usual and full speed; that the accident was unavoidable, and he did not see that either party was to blame therefor. The defendant's counsel, having in his hand this memorandum, from which he apparently read

when cross-examining the plaintiff, inquired, for the purpose of impeaching him, "Isn't it a fact, Mr. Tonseth, that you have stated that this accident was an unavoidable one?" An objection to this question was interposed on the ground, *inter alia,* that it was incompetent, irrelevant and immaterial and was based upon a statement which had not been offered in evidence, and which plaintiff's counsel had not been permitted to see. The objection having been overruled and an exception allowed, the witness replied, "I admit I made that statement." Further in the cross-examination the defendant's counsel offered in evidence the writing referred to. An objection thereto was made by plaintiff's counsel, who said in part:

"I do not believe that they can have that admitted and read to the jury, without identifying it, except as to signature before it can be read to the jury, which will have to be more thoroughly identified and proven."

The objection was overruled, an exception allowed, and the writing was received in evidence. It is contended that an error was thereby committed.

A text-writer commenting upon such method of impeaching a witness, says:

"But it is not required that the whole paper should be shown to the witness. Two or three lines only of a letter may be exhibited to him, and he may be asked whether he wrote the part exhibited. If he denies or does not admit that he wrote the part, he cannot be examined as to the contents of such letter, * * nor is the opposite counsel entitled, in that case to look at the paper": Greenl. Ev. (16 ed.), § 463.

Our statute, however, prescribing a different rule, reads:

"A witness may also be impeached by evidence that he has made, at other times, statements inconsistent with his present testimony; but before this can be

done, the statements must be related to him, with the circumstances of times, places, and persons present; and he shall be asked whether he has made such statements, and, if so, allowed to explain them. If the statements be in writing, they shall be shown to the witness before any question is put to him concerning them'': Section 864, L. O. L.

It will be observed from the declaration made to the court by plaintiff's counsel, which statement is not denied, that the only part of the writing which Tonseth was permitted to examine was his signature. Instead of permitting plaintiff's counsel first to examine the memorandum, so as to enable him properly to frame objections thereto, if he had so desired, and then exhibiting the entire writing to the witness, so as to permit the latter to explain the circumstances under which it was made, he was interrogated with respect to a declaration concerning the inevitableness of the accident. If in an attempt to impeach a witness under the rule prescribed by our statute he admits he made the statement imputed to him, he must, if he then seeks to vary, qualify or contradict it, be allowed immediately to explain the declaration, otherwise the jury may obtain a false impression respecting the expression used. The first impression made upon the minds of persons called to try a question of fact, when attention is particularly attracted to an involved inquiry, is generally enduring, and before their opinions are even tentatively formed they ought to be permitted to hear all the facts relating to the preliminary matter in order that their conclusion may. be based upon a full explanation of the circumstances under which the declaration against interest was made by a witness whose present testimony is undertaken to be impeached. The immediate explanation by a witness of contradictory statements attributed to him precludes

a subsequent opportunity more carefully to consider different interpretations which he might later wish to place upon the language admitted to be employed, and also tends to prevent the assignment of variant motives that prompted the expression acknowledged, or the use of forcible means that induced them.

An examination of the transcript of the testimony shows that the plaintiff was not permitted to explain the written statements to which he had subscribed his name until his cross-examination had been concluded. In refusing to allow the plaintiff to examine the writing before he was interrogated respecting it, and in failing to permit his counsel to inspect the memorandum before it was received in evidence, errors were committed: *State* v. *Steeves,* 29 Or. 85 (43 Pac. 947); *State* v. *Crockett,* 39 Or. 76 (65 Pac. 447); *State* v. *Goodager,* 56 Or. 198 (106 Pac. 638, 108 Pac. 185).

For the reasons here given, the judgment is reversed and a new trial ordered. REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.