Argued 29 March; decided 10 April, 1899.

**BOTEFUHR *v.* ROMETSCH.**

[56 Pac. 803.]

COMPETENCY OF EVIDENCE—AGENCY.—In an action to recover for goods sold, on an issue as to whether defendant purchased for himself, or as the agent of his wife, evidence that the business for which the goods were purchased was owned and conducted by him in the name of his wife was competent, though tending to show that he carried it on in her name for the purpose of defrauding his creditors: *Siglin* v. *Coos Bay R. R. Co.*, 26 Or. 387, distinguished.

From Multnomah: ALFRED F. SEARS JR., Judge.

This is an acton by Frank Botefuhr to recover $80.45 for goods, wares, and merchandise alleged to have been sold and delivered to John Rometsch at his special instance and request. The complaint is in the usual form in such actions. The answer denies the material allegations of the complaint, and for further and separate defense alleges that, at the time of the purchase of the goods referred to in the complaint, the defendant, as the plaintiff well knew, was the agent and employee of one Kate Rometsch, and that as such agent he bought the goods for her, and not for himself. A reply having put in issue the allegations of the answer, a trial was had, resulting in a verdict and judgment in favor of the plaintiff, and defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Edward Mendenhall* and *Raphael Citron*, with an oral argument by *Mr. Mendenhall.*

For respondent there was a brief over the names of *William M. Davis* and *Ralph Platt.*

Mr. Justice Bean, after stating the facts, delivered the opinion of the court.

Upon the trial the defendant gave evidence tending to sustain the allegations of his answer, and to show that the goods in question were purchased by him as the agent of his wife, for use in a saloon owned and conducted by her. The plaintiff thereupon, in rebuttal, called one Liebe, who was permitted, over defendant's objection, to testify in substance, that the defendant was in fact the owner of the saloon referred to, and that his wife's name was used by him in conducting the business to enable him to defraud his creditors. At the proper time the defendant requested an instruction that the question of fraud was not involved in the case, and should not be considered by the jury, which the court refused to give, but, on the contrary, instructed that: "In a transaction of that kind, you have the right to examine the various aspects for the purpose of determining what was the actual relation between the parties. If the object was to defraud, or to commit a fraud upon the creditors of the defendant, and if the business was carried on in his wife's name as a mere cover for the purpose of carrying out that object, then, of course, it could not avail; it could not be upheld." The giving of this instruction, the refusal to instruct as requested, and the admission of Liebe's testimony, the defendant contends, were error; because not within the issues made by the pleadings;

and he invokes the rule announced in *Coos Bay R. R. Co.*
v. *Siglin,* 26 Or. 387, 392 (38 Pac. 192), in support of his
contention.    But we do not understand that it has any
bearing whatever on the case at bar.    In that case it was
sought to impeach the title of a purchaser of personal
property on the ground that the purchase was made for
the purpose of aiding the seller in defrauding his cred-
itors, without setting up such fact in the pleadings.    But
in this case the question was whether the saloon business,
for which the goods alleged in the complaint were pur-
chased by the defendant, was owned and conducted by
him or Kate Rometsch;   and any evidence bearing upon
that question was competent, although it may have
tended to show that the defendant's object was to cover
up his property for the purpose of defrauding his cred-
itors.    No title to property is involved in this case, nor is
it a proceeding to uncover property concealed from cred-
itors.    It is simply an action to recover for goods sold
and delivered, and the only question was whether the
defendant purchased such goods for himself, or as the
agent of his wife.    Any evidence bearing upon that
question was competent and proper to be submitted to
the jury.    The judgment is affirmed.

AFFIRMED.