Argued May 5, decided October 6, 1908.

## CARROLL *v.* GRAND RONDE ELECTRIC CO.

[97 Pac. 552.]

ELECTRICITY—INJURIES TO THIRD PERSON—ACTIONS—INSTRUCTIONS.

1. In an action against an electric company for the death of plaintiff's intestate, an instruction that, if the accident was due to intestate's want of care directly contributing to the accident, plaintiff could not recover, and if intestate knew the wire was broken, and, without cause, went near the wire out of curiosity, and carelessly came into contact with it and was killed, plaintiff could not recover, was not argumentative, and properly stated the law under the facts.

SAME—CONTRIBUTORY NEGLIGENCE—CARE REQUIRED.

2. If intestate's death was due to his own "want of prudence or ordinary care" or "want of due care and caution," he cannot recover.

TRIAL—INSTRUCTIONS—REQUISITES—MORE SPECIFIC INSTRUCTIONS.

3. In an action for negligence, if plaintiff desires the trial court to define the terms "due care and caution" or "want of prudence and ordinary care" used in an instruction on contributory negligence, she must request it to do so.

ELECTRICITY—ACTIONS—CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

4. Evidence *held* to show that intestate knew the charged electric wire by which he was injured was hanging on the fence, and that he carelessly came in contact with it.

SAME—INSTRUCTIONS—CONSTRUCTION.

5. An instruction that if intestate knew the wire by which he was injured was broken, and was warned by his employer that, if he went near it, he might be killed, but disregarded the warning, and was killed by contact with the wire, he *could not recover*, was not objectionable as being a charge that disregard of instructions of his employer, who was a third person, would of itself be contributory negligence, but only charged that plaintiff could not recover if intestate knew of the danger, and voluntarily exposed himself to it.

SAME.

6. Where plaintiff's intestate and another went from their work to a broken electric wire hanging on a fence in order to try it, and intestate,

either by design or accident, came in contact with the wire, and was killed, plaintiff could not recover against the electric company.

INSTRUCTIONS—EXCEPTIONS TO.

7. Where instructions are complained of and the exceptions are general, the objections are unavailing; the proper practice being to call the court's attention to the contention that the instruction is abstract or irrelevant, and ask that it be withdrawn; and, if the request is denied, to except to such ruling.

APPEAL AND ERROR — HARMLESS ERROR — AFFECTING PARTY NOT ENTITLED TO SUCCESS.

8. Where the verdict was for defendant, and the evidence was sufficient to justify a finding of contributory negligence, as a matter of law, a judgment for defendant should be affirmed on appeal, notwithstanding any errors in instructions.

From Union: WILLIAM SMITH, Judge.

This is an action by Eliza Carroll, administratrix of the estate of Leonard Carroll, deceased, against the Grande Ronde Electric Co., to recover damages for the death of her intestate, alleged to have been caused by the negligence of defendant. The cause was tried by a jury, and from a judgment entered upon a verdict in favor of defendant, plaintiff appeals.

Statement by MR. CHIEF JUSTICE BEAN.

In August, 1905, plaintiff commenced an action against defendant company to recover damages for the death of her intestate, alleged to have been caused by defendant's negligence. Upon the trial she gave in evidence the facts and circumstances surrounding the accident and the manner in which it occurred, and she was nonsuited on the ground that her intestate's death was due to his contributory negligence. Upon an appeal the judgment of the court below was affirmed: *Carroll* v. *Grande Ronde Electric Co.*, 47 Or. 424 (84 Pac. 389: 6 L. R. A. (N. S.), 290). She thereupon commences another action to recover for the same injury by filing a complaint containing substantially the same averments as the former, and, issue being joined thereon, the cause came on for trial, when she rested her case, after showing that the deceased was killed by an electric shock from a broken

wire of defendant company, which had been down in a public place for about 24 hours.

Defendant then called as witnesses on its behalf the same persons who had been called by and testified on behalf of the plaintiff in the former trial, and they gave substantially the same testimony as before. Upon this testimony the cause was submitted to the jury, and it found a verdict in favor of defendant. From the judgment entered therein, the plaintiff appeals, assigning as error the giving of the following instructions, numbered from 10 to 15, inclusive:

"(10) The court instructs the jury that, to entitle the plaintiff to recover in this action, the jury must find from the evidence that the accident and injury to Leonard Carroll complained of was caused altogether and entirely by the negligence and want of due care by the defendant or its servants and employees, and that the said Leonard Carroll did not directly contribute to the said accident by negligence or want of prudence and ordinary care on his part.

(11) The court therefore instructs you that if you find from the evidence in this case that the accident complained of was in any degree owing to the want of due care and caution on the part of the plaintiff's intestate, Leonard Carroll, directly contributing to said accident, then your verdict must be for the defendant.

(12) If you find from the evidence in this case that the plaintiff's intestate knew that this wire was broken, and was hanging upon the fence, and, his business not calling him to the vicinity of this broken wire, he went out to the vicinity of the same out of idle curiosity to see if the wire was alive, and while in the vicinity he carelessly or unthoughtedly came dangerously near or in contact with said broken wire, and was killed by an electric shock therefrom, then it will be your duty to return a verdict for the defendant.

(13) If you find from the evidence in this case that the plaintiff's intestate, Leonard Carroll, knew that this wire was broken and hanging on the fence, and that he was warned by his employer to stay away from the same, and to not go about the same, and, if he did so, he was liable to get killed, and, disregarding this warn-

ing, he went out to the vicinity of this broken wire and placed his hand upon the fence in near proximity to this broken wire, and received an electric shock therefrom by which he was killed, then I instruct you that you should find for the defendant.

(14) If you find from the evidence in this case that plaintiff's intestate, Leonard Carroll, had been informed by his employer that this wire had been broken and was hanging on this fence, and that it was dangerous, and to stay away from the same, or he was liable to get killed, and, disregarding this warning, the plaintiff's intestate, Leonard Carroll, went out to the vicinity of this broken wire and took hold of the fence near this broken wire, and pointed his finger toward the same with the purpose of testing the same to see if it was alive, or for any other purpose, and in so doing he received from this wire an electric shock which killed him, then it will be your duty to return a verdict for the defendant.

(15) If you find from the evidence in this case that upon the deceased, Leonard Carroll, and George Hempe coming in from their work at noon on the day of this accident, the said George Hempe proposed to go out to where this broken wire was hanging on the fence and test the same to see if it was alive, and the deceased, Leonard Carroll, went along with the said George Hempe to see him make such test, and while in the vicinity of this broken wire the said deceased, Leonard Carroll, either by design or accident, came dangerously near to or in contact with said broken wire, and was then and there killed by an electric shock therefrom, then it will be your duty to return a verdict for the defendant."                                    Affirmed.

For appellant there was a brief over the names of *Messrs. Lomax & Anderson,* with oral arguments by *Mr. Lomax* and *Mr. Anderson.*

For respondent there was a brief over the names of *Mr. Francis S. Ivanhoe* and *Mr. Walter M. Pierce,* with an oral argument by *Mr. Ivanhoe.*

Opinion by Mr. Chief Justice Bean.

1. The facts were stated with such elaboration in the opinion of Mr. Justice Moore on the former appeal that

we adopt them for the purposes of this opinion. The objections to instructions 11 and 12 are that they are argumentative, and imposed upon the deceased a higher degree of care than the law exacts. But we think they fairly state the law as applicable to the facts of this case, although the language may be open to some verbal criticism.

2. The rule announced is that, if the death of plaintiff's intestate was due to the "want of prudence or ordinary care" or want of "due care and caution" on his part, plaintiff cannot recover; and this we understand to be the law.

3. If plaintiff desired the court to define the terms "due care and caution" or the "want of prudence or ordinary care," she should have requested it to do so: *Kearney* v. *Snodgrass*, 12 Or. 311 (7 Pac. 309) ; *Nickum* v. *Gaston*, 24 Or. 380 (33 Pac. 671: 35 Pac. 31).

4. The objections to instructions 12, 13, and 14 are that the court erroneously assumed therein that there was testimony tending to show that deceased knew that the wire, which caused his death, was broken and hanging on the fence; that he went to such place through idle curiosity, and that he carelessly or thoughtlessly came dangerously near or in contact with it; and that he pointed his finger at it for the purpose of ascertaining whether it was charged with electricity. It may be that there was no direct testimony to prove these facts, but there was evidence from which the jury would have been justified in so finding. The wire parted and fell to the ground on the evening before the accident. It was taken up and placed on the fence by Minnick, who, in the presence of several persons, pointed his finger at it for the purpose of testing it, and received an electric shock therefrom, which threw him to the ground. The deceased was not present at the time, but came to the Hempe farm a short time thereafter, and heard the matter talked about. It was

again referred to at the breakfast table the next morning, and he, with others, was warned by Mr. Hempe to keep away from it "because it was certain death." He worked until noon the following day with George Hempe, who was present at the time Minnick received his shock, and who talked the matter over with the deceased, although he does not remember distinctly that he told him the wire was hanging on the fence. When he and the deceased came in from their work at noon, Hempe said that he was going out to the wire for the purpose of testing it, and the deceased voluntarily accompanied him. Neither of them had any business in that vicinity, and their duties on the farm did not require their presence there. They walked out to the fence together. On the way, Hempe picked up a dry stick and a green weed with which to make the test, and they were talking about the effect of electric batteries; the deceased explaining to Hempe which person in a circle would receive the heaviest shock. Hempe approached the fence, and was engaged in touching the wire with his dry stick and green weed, when the deceased crossed the irrigating ditch, walked to the fence, and with his left hand took hold of one of the pickets, about two feet from where Hempe was testing the wire, extended his forefinger in the direction of the wire, and while looking ahead or in front of him received the shock which caused his death. Under this evidence the jury would clearly be justified in finding that the deceased knew that the wire was hanging on the fence because he had been told about it being down and of Minnick's experience with it; and, moreover, he and Hempe went to the place for the purpose of testing the wire. It was in plain sight where he could have seen it, and it is but a reasonable inference that he did see it and knew that it was hanging on the fence. He was not required to be in that vicinity in the performance of his duties on the farm, and, unless it was idle

curiosity which prompted him to go there, it is difficult to conceive a reason for his presence. That he was killed by a shock from the wire is evidence that he carelessly or unthoughtfully came dangerously near or in contact with it, unless we are to assume that he acted from purpose or design. The fact that when he took hold of the fence picket he was looking in front of him toward the wire, and had his finger extended in that direction, is evidence from which the conclusion can be inferred that he was pointing his finger at the wire to ascertain whether it was charged with electricity. His companion, Hempe, had been unable to obtain any evidence that it was so charged by the means adopted by him, and it may be the deceased concluded to supplement such test by extending his finger toward it.

5. It is also said that instruction 13 is erroneous because of the statement therein in reference to the deceased disregarding the warning of his employer to keep away from the wire, and the danger to be apprehended therefrom; but this was not intended to announce as a principle of law that a disregard of the instructions of his employer would of itself be contributory negligence, but only that plaintiff could not recover if the deceased knew of the danger to be apprehended, and notwithstanding such knowledge voluntarily placed himself in a position to receive the shock therefrom.

6. The objection to No. 15 is, counsel say, that it left the jury no alternative under the evidence but to find for the defendant. The instruction is unobjectionable as a proposition of law when applied to the facts: *Carroll* v. *Grande Ronde Elec. Co.* 47 Or. 424 (84 Pac. 389: 6 L. R. A. (N. S.), 290) ; *Beck* v. *Vancouver Ry. Co.* 25 Or. 32 (34 Pac. 752). And if, under the evidence, the defendant was entitled to a verdict, the plaintiff has no ground for complaint.

7. We have thus briefly disposed. of the objections urged by plaintiff on the assumption that the instructions complained of were properly excepted to, and, if erroneous, prejudicial to the plaintiff.  But it is questionable whether we should have done so.  The instructions are correct in point of law.  The exceptions are general, and did not call the attention of the court below to the fact that it is claimed that they were outside of the evidence.  It has been held that such an objection is unavailing, the proper practice being to call the court's attention to the contention that the instruction is abstract or irrelevant, and ask that it be withdrawn; and, if the request is denied, to except thereto: *Kearney* v. *Snodgrass,* 12 Or. 311 (7 Pac. 309).

8. The verdict of the jury was for the defendant. The evidence was substantially the same as that given on the former trial, and under which the court held as a matter of law plaintiff could not recover because of the contributory negligence of the decedent.  It would seem, therefore, that the error of the court, if any, in instructing the jury, could not have affected a substantial right of the plaintiff, and that the judgment should be affirmed on that ground.  In either view, however, that judgment is right, and should be affirmed; and it is so ordered.                              AFFIRMED.