Argued Jan. 18, decided Jan. 31, rehearing denied Feb. 28, 1911.

## MORBACK v. YOUNG.

[113 Pac. 22.]

ESTOPPEL—PLEADING—EQUITABLE ESTOPPEL—NECESSITY.

1. In an action for services rendered to a partnership at the instance of one of the partners, in which the complaint alleged the existence of the partnership, and the answer was merely a general denial, plaintiff had no opportunity to plead facts and conduct estopping defendant from denying the existence of the partnership, and hence could prove such facts without pleading them.

PARTNERSHIP—ACTIONS—SUFFICIENCY OF EVIDENCE.

2. In an action against the members of an alleged firm to recover for services rendered at the request of one of them, in which partnership by estoppel was sought to be established, evidence *held* to sustain a finding that plaintiff in agreeing to render the services and in performing them, relied on the authority as a copartner of the person employing her to act for the firm, so that the other alleged partner was estopped from denying liability as upon a firm obligation.

From Washington:  THOMAS A. MCBRIDE, Judge.

Statement by MR. JUSTICE MOORE.

This is an action by Maud Morback against her husband, J. H. Morback, and W. F. Young, to recover money.

The complaint avers in effect that at all the times mentioned therein the defendants were partners in business under the firm name of Young & Morback; that at their special instance and request plaintiff, between May 9, 1904, and July 9, 1905, performed for them 14 months' labor as a cook, for which service they promised and agreed to pay her its fair worth; that the reasonable value thereof is $40 a month, or $560, no part of which has been paid except $43.50, leaving due and owing $516.50, for which judgment is demanded.

Only one of the parties thus sued appeared and his defense, omitting the formal parts, is as follows:

"Now comes the defendant W. F. Young, and for answer to the plaintiff's complaint herein, denies each and every allegation thereof."

Based on such issues the cause was tried and plaintiff having secured a judgment for $325, Young appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Samuel B. Huston.*

For respondent there was a brief over the names of *Mr. J. C. McFadden* and *Mr. John Ditchburn,* with an oral argument by *Mr. Ditchburn.*

MR. JUSTICE MOORE delivered the opinion of the court.

1. The bill of exceptions show that a written contract was entered into May 4, 1904, whereby Young, in consideration of the future payment of $1,200, stipulated to sell to Morback an undivided half interest in a sawmill and certain personal property. Morback was to manage the mill, and to deliver all the lumber that he could manufacture to Young, who was to sell the output, pay all operating expenses, including $15 a month to Morback, and credit the remainder of the proceeds on account of the purchase price which, when fully paid, was to be evidenced by a bill of sale of the property. Morback com-

menced to perform the terms of the contract and in order
to board the laborers at the mill he agreed to pay plaintiff
for the term of one month, the sum of 50 cents a day for
furnishing the food and cooking the meals for each
employee. Mrs. Morback performed the service for the
time specified and earned only $39.75, and as this com-
pensation was unsatisfactory she notified her husband
she would no longer continue the employment, whereupon
he replied: "If you will just stay I will pay you good
wages," which offer she accepted, thereafter rendering
the service stated in the complaint.

At the trial there were received in evidence letterheads
which had printed thereon: "Young & Morback, Lumber
Co.," etc., below which was written what purported to be
a bill of lumber sold. J. C. Smock, who had sold on credit
merchandise to be used at the mill and charged the goods
to the account of Young & Morback, was permitted, as
plaintiff's witness, over objection and exception, to
answer questions as follows:

"Q. Did Mr. Young at any time look over any of the
books?

"A. He has, yes, sir.

"Q. Did he pay any of the bills or did he pay part of
the bills?

"A. He has. * *

"Q. Did Mr. Young know you were crediting the
account?

"A. He couldn't help to know when he paid it directly
on account, to be credited."

J. H. Morback, as his wife's witness, was asked: "Did
Mr. Young use those bills or see them?" referring to the
bills for lumber made out on the letterheads, and over
objection and exception he was permitted to answer: "He
has had them. I have rendered him bills just like those
for collection." In charging the jury the court, having
declared that the contract for the sale of the mill did not

establish a partnership between Young and Morback, as was determined on the former appeal herein (*Morback v. Young,* 51 Or. 128: 94 Pac. 35) explained and illustrated how A. might render himself liable to B. upon a contract which B. might make with C. by A. representing himself as C.'s partner, or by knowingly permitting others to hold him out to the public generally as such partner and submitted to the jury for their determination the question whether or not Young knowingly permitted others to hold him out as Morback's partner, and if so was the plaintiff aware thereof and did she, in making the contract with her husband, believe that he was Young's partner, and, acting on that conviction did she perform the service in question, to which instruction an exception was reserved.

It is maintained by appellant's counsel that the testimony hereinbefore quoted and the instruction given are erroneous in that the cause of action set forth in the complaint is based on the averment of an express partnership existing between the defendants, while the verdict and judgment are predicated upon facts, constituting an estoppel *in pais,* which were not pleaded. Plaintiff's counsel, admitting the necessity of setting out in a pleading the facts forming such an estoppel if an opportunity to do so is afforded, maintain that their client believed a contract of partnership had been entered into by the defendants, but at the trial evidence of a holding out was received and the instruction given without having a fitting occasion to plead the facts constituting the estoppel by conduct, and such being the case, no error was committed as alleged.

It is quite probable that when this action was commenced plaintiff's counsel reasonably supposed that the partnership relation of the defendants could be established by competent evidence, and that relying on such

conjecture the complaint was framed on that theory. It will be remembered that the answer contains a general denial of the averments of the complaint. A reply might have stated that Young ought not to be permitted to deny the allegation of partnership for that he had knowingly permitted others to hold him out as sustaining that relation to Morback, etc., but as the answer did not contain any averments of new matter no reply was filed.

In *Davis' Adm'r* v. *Thomas*, 5 Leigh (Va.) 1, the maker of a promissory note, having knowledge that the holder was about to transfer it for a valuable consideration, promised to pay the debt to the proposed purchaser who was induced thereby to accept an assignment of the negotiable instrument. In an action on the note the maker, as a defense, pleaded the general issue. The assignee at the trial offered to prove that before the transfer he paid the amount of the note, relying upon the maker's promise to repay the debt to him, and it was held that the evidence was admissible. In rendering that decision it is said:

"In this case, however, the defendant has pleaded *nil debet*. That being the general issue, it admitted of no reply, nor could the promise have been replied as an estoppel, since the plea was proper to enable the defendant to defend himself by proof of payment to the transferee himself after the transfer. Is the plaintiff then to be deprived of the benefit of the promise, because the defendant has pleaded one plea instead of another? Surely not. Although matter of estoppel is not taken notice of, unless relied on in pleading, where the matter to be concluded appears on the record, yet, where that matter is introduced in evidence upon the general issue, it is otherwise. The party cannot be called on to rely on his estoppel, until his adversary has attempted to use the improper defense. Whenever he does this, it may be arrested. Thus, in the present case, after evidence of the promise to pay, it was competent to the plaintiff, upon proof of a payment to the promisee, to move the court to instruct

the jury to disregard the latter evidence, if they believed the former to be true; for, if true, the defendant had no right to introduce such evidence in support of his plea."

In *Hayes* v. *Va. Mut. Protection Ass'n*, 76 Va. 225, 231, it was held that when an answer tendered a general issue only, the plaintiff, without replying, might introduce evidence of the defendant's admissions or conduct, Mr. Justice Anderson saying:

"Matter of estoppel may be relied on in evidence by the plaintiff when the only defense is the general issue, for the reason that the estoppel in such case cannot be pleaded. But when the matter to which the estoppel applies is specially pleaded, then the estoppel must be specially replied or it cannot avail."

So, too, in *Carroll County* v. *Collier*, 22 Grat. (Va.) 302, 309, in an action to recover the contract price of building a jail, a special plea was interposed that the building was not completed in time, and that the material employed was so defective and the labor performed so faulty that the structure could not be used for the purposes for which it was designed. Issue on this plea was joined, and at the trial the defendant, having produced witnesses to substantiate the defense, the plaintiff objected to their testimony, and offered in evidence an order of the county court showing the appointment of commissioners to examine the building, their favorable report that it had been constructed according to contract, and the acceptance of the jail, and it was held that the plaintiff, having taken issue upon the plea, the order of the county court could not operate as an estoppel when offered in evidence. In deciding that case, Mr. Justice Staples says:

"Had the defendant pleaded the general issue only, and under that issue offered the evidence in question, it would have been competent for the plaintiff to rely upon the estoppel in evidence also. And this upon the well-settled

principle that where there is no opportunity of pleading an estoppel, it is to be held conclusive when offered in evidence. But here the defendant pleaded the matter of defense specially, and thus afforded the plaintiff the opportunity of replying the estoppel. Instead of pursuing this course, he takes issue upon the plea, and thus opens the door to a full investigation of the matters contained therein."

We think the better rule is that if, before an ultimate pleading is filed by a party, he knows that evidence must be offered to prove the conduct of an adverse party as a bar to the latter's assertion of a fact essential to the maintenance of a suit or action or requisite to a defense, the opportunity has arisen to plead the conduct relied upon as a bar and a failure to set forth the facts constituting the estoppel *in pais* will prevent the party upon whom the burden is cast from introducing evidence to substantiate the plea. Any other rule would necessitate the pleading of an equitable estoppel at any time during the trial of a cause when a resort to evidence of the acts of an adverse party became essential to establish the theory of the party invoking the impediment. Opportunity to plead cannot mean an exercise of a court's discretion in respect to allowing an amendment of a pleading, for if such were the case the rule would be to plead an estoppel *in pais* if permission to do so could be secured. A party is not bound to plead an equitable estoppel where he is without knowledge that his cause of suit or action or a successful defense must ultimately rest upon evidence of conduct constituting the plea: *Donnelly* v. *San Francisco Bridge Co.*, 117 Cal. 417, 421 (49 Pac. 559). In deciding that case Mr. Justice HENSHAW, referring to the facts involved and applying the law thereto, says:

"There is shown in this case an existing agency, a secret termination of it under circumstances designed to transform the agent into the principal, and this, without any knowledge or means of knowledge of the changed

conditions afforded to those who had taken original employment under the defendant. The doctrine of ostensible agency draws its support from the equitable principles of estoppel *in pais,* and it would not be easy to call to mind a clearer instance of ostensible agency than that here presented by the evidence. But appellant makes reply that if the agency was ostensible, the plaintiff should so have pleaded, under the general rule that where a cause of action rests upon estoppel, the estoppel must be pleaded. To this, however, it need only be said that a party is not bound to plead an estoppel where he is without knowledge that his demand must ultimately rest upon it. Estoppel in this case was not the foundation of the plaintiff's claim. He believed, and was given cause to believe, that Stone was the actual agent. By the evidence of the defense he was driven to rest upon proof of an ostensible agency, and this proof, under the circumstances, he was clearly entitled to make without a direct pleading to the point."

Where a party has no opportunity to plead an estoppel *in pais* he may introduce in support thereof evidence of the conduct or admissions of the adverse party upon which he is compelled to rely without pleading such facts: *Remillard* v. *Prescott,* 8 Or. 37; *Bruce* v. *Phoenix Ins. Co.,* 24 Or. 486 (34 Pac. 16). The answer did not suggest the necessity of relying upon a statement of the facts constituting an equitable estoppel, and as plaintiff believed the existence of the partnership relation could be established by direct evidence, we do not think the opportunity to plead the conduct arose. Such being the case, no error was committed in the particulars alleged.

2. It is contended by appellant's counsel that plaintiff did not testify that at the time she commenced the performance of the labor she relied upon the belief that Young was the partner of her husband, and though she might thereafter have reached the conclusion that such relation existed, the subsequent conviction was ineffectual and hence an error was committed in failing to grant a

judgment of nonsuit. The plaintiff, as a witness, in answer to the query, "Did Mr. Young and Mr. Morback ever tell you they were in partnership?" replied: "They were talking about it as partners. Everybody thought they were. I think they thought so themselves. Everything went to show that they were partners. The postmaster—all the letters came as Young & Morback, the receipts and everything."

It will be kept in mind that the contract entered into by the defendants provided that from a sale of the output of the mill by Young he was to pay all the expenses incurred in manufacturing lumber, and from this stipulation it may fairly be implied that cooking meals for the laborers was an expense pertaining to the successful operation of the mill. This clause of the agreement when read in connection with the testimony last above quoted is sufficient, in our opinion, to establish an inference of plaintiff's belief in respect to her husband's authority as a partner of Young to employ her and of her reliance upon such credence while performing the service, for she had testified that though she had never seen the contract she had talked with her husband about it, and knew he had agreed to purchase an interest in the mill. We think no error was committed in refusing to grant the nonsuit.

Believing that plaintiff is entitled to the judgment secured, it is affirmed.        AFFIRMED.

Mr. Justice MCBRIDE took no part in the trial or in the decision of this cause.