Submitted on briefs November 28, 1922, affirmed January 9, 1923.

# FIRST NATIONAL BANK OF OREGON CITY *v.* ALLEN et al.

## (211 Pac. 913.)

**Estoppel—Estoppel of Maker by Silence to Allege Forgery Could not be Shown Where Before Change of Position Defendant had Apprised Plaintiff of Such Defense.**

1.   In a bank's action to recover on notes alleged to have been signed by defendant and her husband, but claimed by defendant to have been signed by her husband only, and that her own name thereto had been forged, the plaintiff could not introduce evidence to show an estoppel of defendant to set up the fact of forgery because of failure to speak when required, where it appeared that before plaintiff's rights had been impaired in any way, defendant had denied signing the note.

**Estoppel—Facts Relied on to Establish Estoppel in Pais must be Pleaded, if There is Opportunity to Do so.**

2.   A party must plead the facts upon which he relies to establish an estoppel *in pais*, if there is opportunity to do so, otherwise not.

**Estoppel—Facts Showing Estoppel to Claim Forgery of Note Sued on must be Alleged.**

3.   In an action on notes, wherein defendant claimed that her name had been forged, if plaintiff desired to show that defendant was estopped to allege forgery by being silent when it was her duty to speak, it should have pleaded the facts showing the estoppel in the complaint.

**Appeal and Error—Withdrawal of Objectionable Evidence Held to Sufficiently Cure Error in Its Admission.**

4.   In an action on notes, on the ground that defendant was estopped to allege forgery of her signature, where evidence was admitted tending to show an estoppel, but excluded by the court as having been admitted under a misapprehension, *held*, that the excluded evidence did not mislead or confuse the jury so as to require a reversal, in view of Constitution, Article VII, Section 3c.

From Clackamas: J. U. Campbell, Judge.

In Banc.

Affirmed.

For appellant there was a brief over the name of *Mr. Joseph E. Hedges.*

---

1.   Estoppel to set up forgery of signature of negotiable paper, see notes in 1 Ann. Cas. 181; Ann. Cas. 1912C, 590; 36 L. R. A. 539.

For respondent there was a brief over the names of *Messrs. C. D., D. C.* and *Earle C. Latourette.*

McCOURT, J.—Plaintiff brought this action to recover upon three promissory notes, upon each of which the names of the defendants, A. A. Allen and Susie Allen, husband and wife, appeared as makers. A. A. Allen failed to answer the complaint, and judgment by default was entered against him. Susie Allen, who will be hereafter referred to as "defendant," answered by a general denial of the allegations of the complaint. The notes called for principal sums respectively as follows: $300; $200; and $95.26.

A jury trial resulted in a verdict and judgment for plaintiff. Defendant appeals, and predicates error upon the admission of evidence, introduced over defendant's objection, for the purpose of proving an estoppel, and upon an instruction given the jury in relation to that evidence.

Defendant disclosed at the commencement of the trial that the specific defense upon which she relied was that her signature upon each of the notes in suit was a forgery.

Plaintiff introduced evidence to show that defendant signed each of the notes, and anticipating that defendant in her testimony would deny executing the notes, introduced three letters plaintiff had written to defendant, demanding payment of the notes, also evidence that defendant had not, upon receipt of the several letters, denied the genuineness of her purported signatures upon the notes.

In an endeavor to show that it had been misled to its injury by the failure of defendant to deny signing the notes promptly upon receipt of demand of payment, and that defendant was on that account estopped

from claiming that the notes were not executed by her, plaintiff offered in evidence two deeds from A. A. Allen and Susie Allen to their daughter and her husband. These deeds were executed some time after the last of the letters referred to was written, and conveyed all of the property of A. A. Allen, and some of that of Susie Allen, to the grantees therein. Defendant interposed an objection to the introduction of the deeds mentioned on the ground that they were incompetent, irrelevant and immaterial. The objection was overruled, and defendant was allowed an exception to the ruling of the court.

1. The evidence of both plaintiff and defendant, however, showed that defendant, in an interview with the president of plaintiff, which interview took place several weeks before the execution of the deeds and before the rights of plaintiff had been impaired in any way, had denied that she signed the notes in question; this defeated the attempt of plaintiff to show that it had been placed in a worse position by the silence of defendant at a time when she was required to speak, and removed from the case all question of an estoppel against defendant.

Defendant introduced evidence to prove that she did not sign any of the notes in suit; she appeared as a witness in her own behalf, and denied that she executed any of the notes, and gave evidence of circumstances from which it might have been inferred that her husband and codefendant signed her name to the several notes without her authority. Defendant also testified at length respecting the execution of the deeds to her daughter and husband, stating that they were executed pursuant to a long deferred intention to transfer the property described therein to the grantees.

The court, after instructing the jury that the only question for their determination was whether or not defendant executed the notes, and that if she did, she was liable thereon, and if she did not, she was not liable thereon, charged the jury as follows:

"If a man forges any one of your names to a note, and passes it on to a third person—to a bank, for instance, and the bank writes you and informs you that they have a note against you, and you, by your silence, by refusing to answer the letter, would lead the bank into a worse position than it was before, you would be estopped from denying that it was your signature."

Defendant was allowed an exception to the portion of the court's instruction, above quoted.

The court further informed the jury that the deeds in question, and testimony relating to them, had been offered and admitted in evidence for the purpose of showing that plaintiff had been misled to its prejudice by the conduct of defendant, but that inasmuch as the testimony in the case showed that defendant did deny her signature before the transfer of the property, there was no evidence in the case to show that plaintiff had been placed in a worse position by reason of defendant's failure to reply to the letters, which plaintiff had addressed to her concerning the notes in suit; the court also explained that the deeds had been admitted in evidence, because the court was not advised until after the deeds had been received in evidence that defendant had denied signing the notes before the transfer was made.

Defendant contends that it was error to admit evidence for the purpose of establishing an estoppel and to instruct the jury concerning the same, for the reason that no estoppel was pleaded by plaintiff.

106 Or.—13

2. The rule is well established that a party to an action must plead the facts which he relies upon to establish an estoppel *in pais* if there is opportunity to do so, and that a failure to so plead precludes him from taking advantage of such estoppel: *Vogt* v. *Marshall Wells Hdw. Co.,* 88 Or. 458, 464 (172 Pac. 123), where the earlier decisions upon this point are collected.

It is equally well established, however, that the facts relied upon to establish an estoppel need not be pleaded where there is no opportunity to do so: *Morback* v. *Young,* 58 Or. 135 (113 Pac. 22); *West Side Lumber & Shingle Co.* v. *Herald,* 64 Or. 210 (128 Pac. 1006, Ann. Cas. 1914D, 876); *Stamm* v. *Wood,* 86 Or. 174 (168 Pac. 69).

3. In its complaint, plaintiff sought to fix liability upon the defendant, as an actual maker of the notes, and upon no other ground. It was alleged therein that plaintiff executed each of the notes. Defendant answered by a general denial. As above indicated, plaintiff was informed by defendant several months before the action was brought, and several weeks before the execution and delivery of the deeds joined in by A. A. Allen and herself, above mentioned, that she did not sign the notes. In that situation, if plaintiff desired to proceed upon the theory that although defendant had not executed the notes, as claimed by her, she had rendered herself liable thereon by conduct which had misled plaintiff to its injury, it was incumbent upon plaintiff to plead in its complaint, the facts which it claimed estopped defendant from denying that she executed the notes.

In the case of *Morback* v. *Young,* 58 Or. 135 (113 Pac. 22), this court announced the rule applicable

in such cases.   Mr. Justice MOORE, speaking for the court, said:

"We think the better rule is that if, before an ultimate pleading is filed by a party, he knows that evidence must be offered to prove the conduct of an adverse party as a bar to the latter's assertion of a fact essential to the maintenance of a suit or action or requisite to a defense, the opportunity has arisen to plead the conduct relied upon as a bar and a failure to set forth the facts constituting the estoppel *in pais* will prevent the party upon whom the burden is cast from introducing evidence to substantiate the plea."

The plaintiff in this case offered the evidence in support of its claim that defendant was estopped to deny she had signed the notes, before any evidence had been offered in the case by defendant. Plaintiff was permitted to proceed as though an estoppel had been pleaded in the complaint, contrary to the rule above quoted.

4. However, it is clear that the evidence offered by plaintiff fell far short of establishing an estoppel; the court so informed the jury, and withdrew the same from their consideration, explaining that the evidence had been admitted under a misapprehension, and at the same time advised the jury that the plaintiff could not recover unless the jury were satisfied from the evidence, that defendant executed the notes.

While the court did not explain the matter to the jury as clearly as might be desired, yet it is not apparent that the jury were confused or misled by the introduction and withdrawal of the objectionable evidence.

Moreover, after an examination and consideration of the whole testimony and the instruction of the

court to the jury, a transcript of which is attached
to the bill of exceptions herein, this court is clearly
of the opinion that the judgment of the Circuit Court
appealed from was such as should have been rendered
in the case. In view of that fact, we are empowered
to, and do, affirm the judgment, notwithstanding there
may have been a technical failure on the part of
the trial court to correct the error committed in the
admission of evidence: Sec. 3c, Art. VII, Const.

Judgment affirmed.                           Affirmed.

Harris and Rand, JJ., concur in the result.

BURNETT, J., Dissenting.—It is demonstrated in
the opinion of Mr. Justice McCourt that the question
of estoppel legitimately did not arise in the pleadings
or in the testimony in this case. If the plaintiff in-
tended to rely, not upon the fact as charged in the
complaint, that the defendant Susie Allen actually
signed the notes in question, but that she was es-
topped to deny her signature to the injury of the
plaintiff, it should have so stated it in the initial
pleading, under authority of *Mercer* v. *Germania Ins.
Co.,* 88 Or. 410 (171 Pac. 412). The principle under-
lying such doctrine is, that the plaintiff must declare
his whole case in his complaint and cannot state part
of it in that pleading and the remainder in the reply.

As excusing the court for alluding to the estoppel
in the charge to the jury, it is said that "plaintiff was
permitted to proceed as though an estoppel had been
pleaded in the complaint, contrary to the rule above
quoted." The only feature of the testimony giving
color to this statement is that where the plaintiff
introduced letters written by the plaintiff to the de-
fendant in which it may be inferred they asserted the

genuineness of her signature and that on the receipt of those letters she had not denied it. This does not amount to a treatment of the case as if estoppel had been pleaded; for under the general issue it was competent to offer the declaration of the bank in those letters made within the observation of the defendant and to give testimony of her conduct in relation thereto: Section 727, Or. L. This statutory rule would obviate any objection of the defendant to that line of testimony, and hence it would not be treating the case as if an estoppel had been pleaded.

The doctrine of estoppel, therefore, was purely academic as applied in the charge, and the giving of the instruction on that subject was a pure abstraction which a long list of precedents in this state declares to be erroneous, requiring a reversal of the judgment: *Morris* v. *Perkins,* 6 Or. 350; *Glenn* v. *Savage,* 14 Or. 567 (13 Pac. 442); *Bailey* v. *Davis,* 19 Or. 217 (23 Pac. 881); *Bowen* v. *Clarke,* 22 Or. 566 (30 Pac. 430, 29 Am. St. Rep. 625); *Pearson* v. *Dryden,* 28 Or. 350 (43 Pac. 166); *Geldard* v. *Marshall,* 47 Or. 271 (83 Pac. 867, 84 Pac. 803); *Olsen* v. *Silverton Lumber Co.,* 67 Or. 167 (135 Pac. 752); *Sanders* v. *Taber,* 79 Or. 522 (155 Pac. 1194); *Askay* v. *Maloney,* 85 Or. 333 (166 Pac. 29).

For these reasons I dissent from the conclusion reached by Mr. Justice McCOURT. The judgment ought to be reversed.